UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID KOKINOS RED,

                        Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,

                        Defendant.

NO:  2:15-CV-0069-TOR

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

        BEFORE THE COURT are the parties' cross-motions for summary

judgment.  ECF Nos. 13, 14.  This matter was submitted for consideration without

oral argument.  The Court—having reviewed the administrative record and the

parties' completed briefing—is fully informed.  For the reasons discussed below,

the Court grants Defendant's motion and denies Plaintiff's motion.

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."

*Id.* at 1111.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  *Id.* § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

gainful activity," the Commissioner must find that the claimant is not disabled.  *Id.* § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  *Id.* § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  *Id.* § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  *Id.* § 416.920(a)(4)(iii).  If the impairment is as severe as or more severe than one of the enumerated impairments the Commissioner must find the claimant disabled and award benefits.  *Id.* § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1   activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is

2   relevant to both the fourth and fifth steps of the analysis.

3       At step four, the Commissioner considers whether, in view of the claimant's

4   RFC, the claimant is capable of performing work that he or she has performed in

5   the past ("past relevant work"). *Id.* § 416.920(a)(4)(iv). If the claimant is capable

6   of performing past relevant work, the Commissioner must find that the claimant is

7   not disabled. *Id.* § 416.920(f). If the claimant is incapable of performing such

8   work, the analysis proceeds to step five.

9       At step five, the Commissioner considers whether, in view of the claimant's

10  RFC, the claimant is capable of performing other work in the national economy.

11  *Id.* § 416.920(a)(4)(v). In making this determination, the Commissioner must also

12  consider vocational factors such as the claimant's age, education and work

13  experience. *Id.* If the claimant is capable of adjusting to other work, the

14  Commissioner must find that the claimant is not disabled. *Id.* § 416.920(g)(1). If

15  the claimant is not capable of adjusting to other work, the analysis concludes with

16  a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

17      The claimant bears the burden of proof at steps one through four above.

18  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If

19  the analysis proceeds to step five, the burden shifts to the Commissioner to

20  establish that (1) the claimant is capable of performing other work; and (2) such

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

1    work "exists in significant numbers in the national economy."  20 C.F.R.

2    § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

3                                **ALJ FINDINGS**

4            Plaintiff filed an application for supplemental security income, dated

5    February 27, 2012, alleging a disability onset date of January 1, 2008.  Tr. 152-57.

6    Plaintiff's claim was denied initially, Tr. 97-100, and upon reconsideration, Tr.

7    104-06.  Plaintiff requested a hearing before an ALJ, Tr. 107-09, which was held

8    on March 11, 2014, Tr. 36-63.  On April 11, 2014, the ALJ rendered a decision

9    denying Plaintiff's claim.  Tr. 17-35.

10           At step one, the ALJ found that Plaintiff had not engaged in substantial

11   gainful activity since February 27, 2012, the application date.  Tr. 22.  At step two,

12   the ALJ found that Plaintiff had the following severe impairments: depressive

13   disorder, anxiety, personality disorder, and alcohol abuse.  Tr. 22.  At step three,

14   the ALJ found that Plaintiff does not have an impairment or combination of

15   impairments that meets or medically equals a listed impairment.  Tr. 22.  The ALJ

16   then concluded that Plaintiff had the RFC

17           to perform a full range of work at all exertional levels but with the
             following nonexertional limitations: The claimant is able to
18           understand, remember, and carry out simple, routine, repetitive tasks
             and instructions and well-learned detailed tasks. He can have
19           occasional and superficial interaction with the public and coworkers.

20

Tr. 23.  At step four, the ALJ found Plaintiff had no past relevant work.  Tr. 30.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs in significant numbers in the national economy that Plaintiff could perform, such as small products assembler II, automatic packer operator, and inspector packer.  Tr. 31.  On that basis, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act.  Tr. 32.

On January 26, 2015, the Appeals Council denied Plaintiff's request for review, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. ECF No. 13.  Plaintiff raises the following two issues for this Court's review:

(1)  Whether the ALJ properly discredited Plaintiff's symptom claims; and

(2)  Whether the ALJ properly weighed the opinion of Dr. Dalley.

ECF No. 13.  The Court evaluates each issue in turn.

///

///

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

**DISCUSSION**

**A.    Adverse Credibility Finding**

First, Plaintiff faults the ALJ for failing to provide specific findings with clear and convincing reasons for discrediting his symptom claims. *Id.* at 10-14.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted). "The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In making an adverse credibility determination, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

This Court finds the ALJ provided several specific, clear, and convincing reasons for finding Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "not entirely credible." Tr. 24.

First, the ALJ found that although Plaintiff did not file for benefits until February 2012, the record showed he stopped working for regular pay in 1997. Tr. 25. The ALJ found that this evidence "supports finding the claimant purportedly stopped working for reasons not related to his mental health reasons." Tr. 25. This

1    reason constitutes a permissible reason for discrediting Plaintiff's testimony.  *See*

2    *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

3         Second, the ALJ found that Plaintiff did not seek regular counseling since

4    the alleged onset date and, additionally, that his symptoms improved during the

5    limited period he sought treatment. Tr. 25. While "it is error to reject a claimant's

6    testimony merely because symptoms wax and wane in the course of treatment," an

7    ALJ may rely on examples of "broader development" of improvement when

8    finding a claimant's testimony not credible.  *Garrison*, 759 F.3d 1017-18 ("While

9    ALJs obviously must rely on examples to show why they do not believe that a

10   claimant is credible, the data points they choose must *in fact* constitute examples of

11   a broader development to satisfy the applicable 'clear and convincing' standard.").

12   Plaintiff makes no argument that the ALJ's chosen examples from the record

13   evidencing improvement with treatment do not demonstrate broader improvement.

14   Further, while the failure to seek mental health treatment may not be a legitimate

15   basis to reject a claimant's symptom claims, *see Nguyen v. Chater*, 100 F.3d 1462,

16   1465 (9th Cir. 1996), the lack of credible evidence in the record corroborating the

17   extent of mental health limitations can be, *see Molina*, 674 F.3d at 1113-14.

18   Accordingly, the ALJ provided another specific, clear, and convincing reason for

19   not fully crediting Plaintiff's symptom claims.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

1    Third, the ALJ found Plaintiff had given inconsistent statements regarding

2    his alcohol abuse. Tr. 25. The ALJ listed several inconsistencies throughout the

3    record, namely how forthcoming Plaintiff had been regarding his alcohol

4    consumption and duration of his abstinence. Tr. 25-26. Ultimately, the ALJ found

5    these inconsistent statements went "directly toward [his] credibility." Tr. 26.

6    Because the ALJ may employ "ordinary techniques of credibility evaluation, such

7    as the claimant's reputation for lying . . . and other testimony by the claimant that

8    appears less than candid" when assessing the Plaintiff's credibility, the ALJ did not

9    err when she found such contradictory evidence raised questions as to the

10   reliability of Plaintiff's allegations. *See Chaudhry v. Astrue*, 688 F.3d 661, 672

11   (9th Cir. 2012); *see also Thomas*, 278 F.3d at 959 ("[T]he ALJ found that [the

12   claimant] had not been a reliable historian, presenting conflicting information

13   about her drug and alcohol usage . . . [T]his lack of candor carries over to her

14   description of physical pain." (internal quotation marks omitted)). As Defendant

15   notes, *see* ECF No. 14 at 8-9, whether the intent to mislead was there or not, such

16   inconsistencies can affect the overall credibility of Plaintiff's statements.

17        Fourth, the ALJ found Plaintiff's reported activities demonstrated that he is

18   capable of performing a full array of activities. Tr. 27. For instance, the ALJ noted

19   Plaintiff was keeping busy with repair projects, riding his bike most days, and even

20   reported doing "odd jobs" for friends and acquaintances, such as carpentry and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

auto-mechanic work.  Tr. 27.  "While a claimant need not vegetate in a dark room

in order to be eligible for benefits, the ALJ may discredit a claimant's testimony

when the claimant reports participation in everyday activities indicating capacities

that are transferable to a work setting" or when activities "contradict claims of a

totally debilitating impairment."  *Molina*, 674 F.3d at 1112-13 (internal quotation

marks and citations omitted).

Finally, the ALJ found Plaintiff's past work performance cast into doubt

whether Plaintiff's unemployment was actually due to medical impairments:

> [A] review of the earnings records from 1992 to 1997 show very
> limited earnings. The claimant said he stopped working at regular
> employment in 1997 to attend school. The evidence of the claimant's
> limited earnings from 1992 to 1997, in addition to his reports of doing
> odd since the age of 20, raises a question as to whether the claimant's
> continuing unemployment is actually due to medical impairments.
> The claimant testified he had relied on his mother to provide for him,
> along with state benefits. It is possible the claimant's mother has
> provided for all the claimant's needs, enabling him to not work a job
> for regular pay. This assertion is bolstered by the fact the claimant did
> not file for an application for benefits until February 27, 2012, with an
> arbitrary alleged onset date of January 1, 2008, approximately 11
> years after the claimant stopped working.

Tr. 27.  Poor work history can provide a permissible reason to cast doubt on

Plaintiff's purported reason for unemployment.  *See Thomas*, 278 F.3d at 959.

In sum, despite Plaintiff's arguments to the contrary, the ALJ provided

several specific, clear, and convincing reasons for rejecting Plaintiff's testimony.

*See Ghanim*, 763 F.3d at 1163.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

**B.    Medical Opinion Evidence**

Second, Plaintiff faults the ALJ for improperly rejecting the opinion of examining provider, Dr. Dalley.  ECF No. 13 at 15-17.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.*  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin*, 554 F.3d 1219, 1228

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

(9th Cir. 2009) (internal quotation marks and brackets omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison*, 759 F.3d at 1012.  "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13.  That being said, the ALJ is not required to recite any magic words to properly reject a medical opinion.  *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (holding that the Court may draw reasonable inferences when appropriate).   "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

1    This Court finds the ALJ properly rejected the opinion of Dr. Dalley.  As

2    Plaintiff concedes, ECF No. 13 at 15, the ALJ need only have provided "specific

3    and legitimate" reasoning for rejecting Dr. Dalley's opinion regarding Plaintiff's

4    mental functioning as it was contradicted by other sources. *See Bayliss*, 427 F.3d at

5    1216. This Court finds the ALJ provided several specific and legitimate reasons for

6    affording Dr. Dalley's opinion only "limited weight."  Tr. 28-29.

7        Dr. Dalley conducted evaluations in both July 2011 and April 2012.  In July

8    2011, Dr. Dalley found Plaintiff had moderate limitations in his ability to perform

9    routine tasks without undue supervision, communicated and perform effectively in

10   a work setting with public contact, and maintain appropriate behavior in a work

11   setting.  Tr. 194-201.  In April, 2012, however, Dr. Dalley found Plaintiff's

12   depression, anxiety, and health concerns would likely interfere with his ability to

13   be successful in a normal employment position. Tr. 215-20.

14       First, the ALJ found Dr. Dalley's opinion should be afforded less weight

15   because the limitations were based on Plaintiff's self-reported symptoms and

16   limitations, which the ALJ had already found not entirely credible.  Tr. 29.

17   Because an ALJ is not required to accept a medical opinion that is "largely based"

18   on a claimant's non-credible self-reports, *Tommasetti v. Astrue*, 533 F.3d 1035,

19   1041 (9th Cir. 2008), the ALJ provided a specific and legitimate reason for

20   affording Dr. Dalley's opinion limited weight.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 15

Second, the ALJ also found that Dr. Dalley's opinion was inconsistent with his examination findings and treatment notes. Tr. 29. The ALJ noted that, "[a]t both evaluations, Dr. Dalley reported the claimant had a normal mental status examination and he performed within normal limits on the Trial A and B tests." Further, although Dr. Dalley opined in 2012 that Plaintiff's anxiety would likely interfere with his success in a normal employment position, his 2012 notes indicate that he did not notice significant presentation of anxiety. Tr. 29. Because the ALJ may discount an opinion that is unsupported by clinical findings, *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004), the ALJ provided another specific and legitimate reason for affording Dr. Dalley's opinion limited weight.

Finally, the ALJ found Dr. Dalley's opinion was inconsistent with Plaintiff's activities, as already discussed above. Tr. 29. Because the ALJ may discount an opinion that is inconsistent with a claimant's reported functioning, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999), the ALJ provided another specific and legitimate reason for affording Dr. Dalley's opinion limited weight.[1]

---

[1] In addition to these three reasons, the ALJ also noted that Dr. Dalley, as an examining mental health provider, did not have substantial treatment notes upon

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

1    **IT IS ORDERED:**

2    1.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.

3    2.  Defendant's Motion for Summary Judgment (ECF No. 14) is

4        **GRANTED**.

5    The District Court Executive is directed to file this Order, enter **Judgment**

6    **for Defendant**, provide copies to counsel, and **CLOSE** the file.

7        **DATED** January 27, 2016.

8    

9                            THOMAS O. RICE
                         United States District Judge

10

11

12

13

14

15

16

17

18

19    which to base his opinion and that Plaintiff was not forthright with Dr. Dalley

20    regarding his alcohol abuse. Tr. 29.


ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17